GEORGE DAY, AS EXECUTOR, &c. OF PRISCELLA LIN-TERN, DECEASED, APPELLANT, *v.* EBEN C. REYNOLDS, CLERK OF RENSSELAER COUNTY, RESPONDENT.

*Negligence—a county clerk is only liable for negligence in making a search, to the person for whom it is made.*

One O'Donnell, having applied by his agent Winslow, to the plaintiff, for a loan on bond and mortgage, was told to procure a proper search from the county clerk's office, and that if the property was clear, he could have the money. Winslow, acting for O'Donnell, and at his expense, procured from the defendant, the county clerk, a search against the premises, from which was omitted a deed, then on record, by which O'Donnell had conveyed to another person the premises in question. The plaintiff, having made the loan in reliance upon the search, and being unable to collect the money on his bond and mortgage, brought this action against the defendant, to recover the said amount as damages for the negligence of the defendant in omitting the deed from the search.

*Held,* that the defendant owed no duty to the plaintiff, and was not liable to him for the damages occasioned by his omission of the deed from the search.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit, ordered at the Circuit.

*John H. Colby,* for the appellant.

*Charles E. Patterson,* for the respondent.

LEARNED, P. J.:

One O'Donnell, by his agent Winslow, applied to plaintiff for a loan on bond and mortgage. Plaintiff told Winslow to procure a proper search from the county clerk's office, and, if the property was clear, O'Donnell could have the money. Winslow acted for

O.'Donnell, and obtained such a search. Plaintiff did not pay for the search. The search was made by defendant, then county clerk, and was brought to plaintiff by Winslow. On receiving the search, and in reliance thereon, plaintiff lent O Donnell the money, through Winslow. At the time of making the search and of the lending the money, there was on record a deed from O'Donnell, conveying the land covered by the mortgage, which deed was not mentioned in the search. The plaintiff has, therefore, been unable to collect his money on the mortgage, and O'Donnell is not solvent. The question is whether defendant is liable to plaintiff for the negligence of omitting the deed from the search.

This question, or one very similar, has recently been decided in the Supreme Court of the United States. (*Savings Bank* v. *Ward*, 100 U. S., 195.) There A., an attorney employed and paid by B., to examine and report on B.'s title to land, gave a certificate that " B.'s title is good, and the property unincumbered." C., with whom A. had no contract, relied on this certificate, and lent money to B. on the land. The land proved to be incumbered. It was held that C. could not recover from A. The court held that the obligation of the attorney was to his client and not to the third party. Three of the justices dissented. And it is to be noticed that, in the dissenting opinion, they say that the lawyer who gives his client a certificate, "*which he knows, or ought to know*, is to be used by the client in some business transaction with another person as evidence of the facts certified to, is liable to such other person for," &c.

Thus the dissenting judges placed their dissent on the fact that the lawyer, in that case, ought to have known that his client was to use the certificate in a business transaction *with some other person.* Now, there is no reason, without proof of the fact, why this defendant should know that O'Donnell or Winslow, his agent, was to use this search in a transaction with the plaintiff or with any one else.

One may procure a search of the title to his land for his own satisfaction as well as for use in procuring a loan. Hence, we think that the obligation which the defendant incurred was to O'Donnell; for whom, through Winslow, the search was made.

Nor do we think that the present case is to be governed by a different rule from that of the case cited, on the ground that the defendant in this is a county clerk, and in that was an attorney. There is no reason why the liability of the one should be extended to those with whom he has no dealing, any more than should that of the other. The doctrine of *Hover* v. *Barkhoof* (44 N. Y., 113) is not in conflict with this view. That holds only that public officers are liable to one *specially injured* by their negligent performances of duty.

But the question whether the plaintiff in this case has been injured by defendant's negligence depends on the very point under discussion; that is, whether defendant owed the plaintiff any duty; or, in other words whether the search was *quasi negotiable;* so that any one into whose possession it should come might rely upon it as an official statement made by defendant to *him.*

Of course the plaintiff has not been injured by the defendant's negligence, unless he had a legal right to rely on the defendant's search, just as if it had been made for him, at his request. If the claim of the plaintiff is correct we do not see where the liability of the defendant will end. In any future negotiations which might be had with a person in actual ignorance of the mistake in the search, this search might again be used and the defendant would again be liable to the person who should trust to it.

We think, that on principle and on authority the judgment was right and should be affirmed, with costs.

Present—LEARNED, P. J., BOCKES and FOLLETT, JJ.

Judgment affirmed, with costs.